# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2048 | **DATE** | 4/25/2008 |
| **CASE TITLE** | Williams vs. Dzeakuntes | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is denied. The motion for appointment of counsel [5] is denied. The case is dismissed for lack of subject matter jurisdiction. The court finds this case frivolous and hereby denies any subsequently-filed motion for leave to appeal *in forma pauperis*. Civil case terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Ronald Williams ("plaintiff") has presented for filing a form Complaint of Employment Discrimination along with an *in forma pauperis* (IFP) application under 28 U.S.C. § 1915(a)(1) for leave to proceed without prepayment of fees and an *ex parte* motion for appointment of counsel under this court's Local Rule 83.36. Plaintiff has used a form employment discrimination complaint but has crossed out the word "employment" such that the document is titled "Complaint of Discrimination." Two pages of the form Complaint of Employment Discrimination (paragraphs 6-12) are missing from the document. The complaint is made against Dale Dzeakuntes. Although the handwritten allegations are minimal, the court infers that plaintiff rented a storage unit with Simply Storage in Chicago and that Mr. Dzeakuntes was an employee or owner of Simply Storage. Plaintiff alleges that Dzeakuntes failed to reasonably accommodate his disabilities, failed to stop harassment, and retaliated against him because he did something to assert rights protected by law. (Paragraph 12(g) of the form complaint alleges "retaliat[ion] against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above." Paragraphs 9 and 10 refer to civil rights laws prohibiting unlawful discrimination in employment. These paragraphs are missing from plaintiff's submission). He further accuses defendant of "giving crooks [the] combination to the door so they could harasse [*sic*] me. Refusal of use of the washroom, tampering with unit from the top, a theft of property." He alleges that "[Dzeakuntes] told cop's [*sic*] not to give a police report upon arrival. Stole out of the unit. Refuse[d] to open the washroom on severn [*sic*] occassion[s]." Plaintiff seeks damages for overcharging him, pain and suffering, mental anguish, and punitive damages.

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey,* 141 F.3d 322, 325 (7th Cir. 1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted); *Ricketts* v. *Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) ("[F]ederal courts are without power to entertain

**STATEMENT**

claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.") (internal quotation marks and citations omitted). In this regard, the court must first "assess the substantiality of the constitutional or federal statutory allegations of the complaint to determine whether they are . . . 'wholly insubstantial and frivolous.'" *Id.* at 1181–82 (quoting *Bell* v. *Hood*, 327 U.S. 678, 681–82, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Id.* at 1182. To be "wholly insubstantial and frivolous," however, the court must find the case "absolutely devoid of merit" or "no longer open to discussion." *Id.* at 1182 (quoting *Hagans* v. *Lavine*, 415 U.S. 528, 536–39, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).

A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams* v. *Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988), *aff'd sub nom Neitzke* v. *Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (internal quotation marks omitted). Under *Bell Atlantic Corp.* v. *Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007), a complaint must state enough facts to state a claim to relief that is plausible on its face. *Id.* at 1974. In the context of a *pro se* complaint, however, the Supreme Court adheres to the view that a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson* v. *Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

The three necessary elements of a complaint as set out in Rule 8(a) are "a short and plain statement" of (1) the grounds for jurisdiction, (2) the claim showing the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. This complaint sets out only (3), a demand for relief. It does not invoke the court's jurisdiction. Neither do the allegations permit the inference that plaintiff is attempting to assert any right protected by the Constitution and laws of the United States from which this court might infer a basis for jurisdiction. Plaintiff claims a failure to accommodate his disability, but he does not state the nature of his disability, neither do the allegations indicate any action on the defendant's part related to plaintiff's disability. Plaintiff alleges harassment and retaliation, and although the allegations might suggest harassment by the defendant, such conduct does not violate federal law unless it relates to conduct such as sexual harassment, racial harassment or disability harassment during an employment relationship or is otherwise based on prohibited discrimination in the context of actions by governmental officials. Allegations of theft, overcharging, and tampering with a storage unit are matters that would most likely be cognizable only in a small claims court in the Circuit Court of Cook County. They do not state a claim upon which relief may be granted in federal court.

For these reasons the court dismisses the case for lack of subject matter jurisdiction. If plaintiff should file an appeal, the court hereby denies leave to appeal on the basis that an appeal would be frivolous.